# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:10-CR-5** |
| v. : | **(Judge Conner)** |
| **PEDRO LUIS RODRIGUEZ** : | |
| **FRANCO** : | |

## MEMORANDUM

Presently before the court in the above captioned matter is petitioner Pedro Luis Rodriguez Franco's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Doc. 802). Franco raises four grounds for relief. Having considered these arguments and determined that they are without merit, the court will summarily dismiss the motion. See Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.

## I. Factual Background

On July 7, 2010, a sealed superseding indictment charged Franco and 13 other defendants with a variety of drug offenses. Franco was charged with criminal attempt and conspiracy to distribute, and possession with intent to distribute, five kilograms or more of cocaine hydrochloride, 100 grams or more of heroin, 50 grams or more of crack, and an unspecified amount of marijuana (Count I); conspiracy to possess firearms in furtherance of drug trafficking (Count 2); distribution and possession with intent to distribute five kilograms or more of cocaine (Count 4); and distribution and possession with intent to distribute 100 grams or more of heroin (Count 5).

On October 18, 2010, Franco, represented by Mr. Daniel M. Myshin, waived his right to indictment by a grand jury and plead guilty to a two count superseding felony information. Count 1 of the felony information charged Franco with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846, and Count 2 charged Franco with conspiracy to possess firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(o). Included within the plea agreement was a waiver of any right to challenge the conviction or sentence on any constitutional or non-constitutional grounds, in either an appellate proceeding or a collateral proceeding brought pursuant to 28 U.S.C. § 2255. (Doc. 305 at 18-19).

## II. Discussion

Franco asserts four grounds for relief. First, he argues that the government failed to "make sufficient disclosure about the grand jury transcripts in sufficient time to afford defense an opportunity to use it in an meaningful way." (Doc. 802-1 at 12). His second argument is that his counsel was ineffective for allowing him to plead guilty, rendering his plea not knowingly, voluntarily, and intelligently made. His third and fourth arguments are that his attorney was generally ineffective at all stages of the litigation, and specifically at the penalty phase for "failing to investigate and present mitigating evidence concerning [Franco's] cognitive and emotional impairments." (Id. at 13).

It is necessary to address Franco's second argument first, because the validity of his plea agreement will impact his other arguments. Franco argues that

2

his guilty plea was not knowing and voluntary because his attorney "used threats and intimidation to induce" him to plead guilty, and that his attorney "waived every right guaranteed by the Constitution, before he ever inspected the record or received any discovery." (Doc. 802-1 at 16). Franco provides nothing more than this bare accusation to suggest that Mr. Myshin threatened him in an attempt to induce a guilty plea, when in fact Franco stated at his change of plea hearing, under oath, that neither he nor any member of has family had been threatened in an attempt to force him to plead guilty. (Doc. 596 at 12). He also affirmed that he plead guilty of his own free will. (Id.) A district court reviewing a § 2255 petition is not required to grant an evidentiary hearing on arguments that are "contradicted conclusively by the record." Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001). With respect to his assertion that Mr. Myshin "waived every right guaranteed by the Constitution, before he ever inspected the record or received any discovery," Franco cites to the superseding felony information, his plea and plea agreement, his waiver of indictment, and the order accepting his guilty plea. Franco, not Mr. Myshin, waived his rights to a jury trial and to indictment by grand jury, both in writing in his plea agreement, and orally at the change of plea hearing. Franco provides nothing other than a vague, conclusory allegation that Mr. Myshin waived his rights for him, and this assertion is affirmatively contradicted by the record. Franco's argument that his guilty plea was not knowingly and voluntarily entered is therefore rejected.

The court will next address Franco's other arguments. Franco argues that the government failed to provide him with grand jury transcripts, failed to indict him by grand jury, and provided "no information concerning the superseding indictment," all in violation of Brady v. Maryland, 373 U.S. 83 (1963). He also asserts that his trial counsel was constitutionally ineffective throughout the proceedings in general, and at the sentencing phase in particular. Specifically, he argues that Mr. Myshin failed to investigate Franco's substance abuse problems and mental and emotional health issues, and raise them as mitigating factors at his sentencing. With respect to his argument regarding the indictment by grand jury and charge by information, Mr. Franco waived the right to indictment by grand jury and to a jury trial both in his plea agreement, and at his change of plea hearing. (See Doc. 596 at 7).

More fundamental, however, is the fact that Franco waived his right to appeal or to collaterally attack his conviction and sentence in a § 2255 proceeding. When there is a collateral waiver, the district court must consider first whether the waiver was knowing and voluntary, and second, whether enforcement of the waiver would "work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). The court retains an independent duty to examine the record with respect to both of these questions, which extends to summary dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Id. at 238. The scope of Franco's collateral waiver is broad, encompassing his right to bring any challenge to his conviction or sentence. (Doc. 305 at 18).

4

Franco knowingly, voluntarily, and intelligently waived his right to challenge his conviction and sentence in a § 2255 proceeding. Paragraph 28 of the plea agreement states that "the defendant . . . waives the right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (Doc. 305 at 18-19). The court, through an interpreter, questioned Franco as to his understanding of this waiver at his change of plea hearing:

> Q: Now, ordinarily you would have the right to bring later proceedings such as a direct appeal or a collateral attack on your conviction or sentence. Do you understand that your plea agreement limits severely your right to use later proceedings to challenge your conviction, sentence, or any other matter?
>
> A: Yes.

(Doc. 596 at 18-19). The court then read aloud the portion of the plea agreement detailing the waiver, to which Franco affirmed his understanding and his desire to plead guilty. (Id. at 19-20); see also FED. R. CRIM. PRO. 11(b)(1)(n) (requiring a district court, before accepting a guilty plea, to place the defendant under oath and question him in open court, in order to ascertain his understanding that he is waiving his appellate and collateral attack rights). The court finds that Franco's waiver was knowing and voluntary.

A collateral waiver, even if knowing and voluntary, may still be set aside of enforcement would create a miscarriage of justice. The Third Circuit has set forth an open-ended list of factors that a district court should consider in determining

5

whether enforcement of a collateral waiver would result in a miscarriage of justice. See United States v. Shedrick, 493 F.3d 292, 298 n.6 (3d Cir. 2007) (citing United States v. Teeter, 257 F.3d 13, 25-26 (1st Cir. 2001), and United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001)). These factors include "how clear and grave an error existed, the effect of that error on the parties, and the extent to which the defendant acquiesced in the error." Id.; see also United States v. Mabry, 536 F.3d 231, 243 (3d Cir. 2008). The court also held that enforcing a collateral waiver when trial counsel was constitutionally ineffective in helping the petitioner understand his plea agreement, or failed to file a direct appeal, would result in a miscarriage of justice. Shedrick, 493 F.3d at 298 n.6.

The genesis of Franco's argument that the Government violated Brady is not clear, but in any event, enforcing his collateral waiver will not result in a miscarriage of justice. As noted *supra*, Franco waived his right to indictment by grand jury and to a jury trial by knowingly and voluntarily entering into a plea agreement with the Government. His diffuse accusations of error do not alter this. Similarly, Mr. Myshin raised Franco's substance abuse and mental health issues in his sentencing memorandum, arguing that they supported a sentence at the low end of the guidelines range, (Doc. 530 at 12), and the court considered these issues in the course of his sentencing. (See, e.g., Tr. of Sent., Doc. 597 at 20 ("I have taken into consideration that the defendant reported to the probation office that he has had mental health issues, and I have also taken into consideration the information that Mr. Myshin has provided concerning those mental health issues."); id.

6

(discussing Franco's substance abuse history)). The court finds that enforcing the collateral waiver will not result in a miscarriage of justice.

## III. **Conclusion**

For the aforementioned reasons, the court summarily dismiss Franco's motion. An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:       July 10, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-5** |
| v. | : | **(Judge Conner)** |
| **PEDRO LUIS RODRIGUEZ FRANCO** | : | |

## **ORDER**

AND NOW, this 10th day of July, 2013, upon consideration of petitioner Pedro Luis Rodriguez Franco's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Doc. 802), and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. Franco's motion is summarily DISMISSED. See Rule 4(b), Rules Governing Section 2255 Cases.

2. A certificate of appealability is DENIED. See Rule 11(a), Rules Governing Section 2255 Cases.

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge